IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR THE GALLOP CHASE 8910 LAND TRUST, | § § § § § | |
| *Plaintiff*, | § | Civil Action No.  SA-15-CV-102-XR |
| v. | § § | |
| IMORTGAGE.COM, INC.,  AND BANK OF AMERICA, N.A., | § § § § | |
| *Defendant*. | § § | |

**ORDER**

On this day the Court considered Defendant Bank of America, N.A.'s Motion to Dismiss Plaintiff's complaint for failure to state a claim.  Docket no. 2.  For the following reasons, the Court GRANTS the motion.

**I.     BACKGROUND**

Plaintiff Kingman Holdings, LLC, ("Kingman") as trustee of the Gallop Chase 8910 Land Trust ("Plaintiff"), purchased property located at 8910 Gallop Chase, San Antonio, Texas 78254 (the "Property") pursuant to a general warranty deed.  Kingman brings this lawsuit in connection to quiet title and have itself declared owner of the Property not subject to any other liens.  Defendant Bank of America, N.A. ("BANA") claims to hold a valid mortgage against the Property.  Defendant IMortgage.com, Inc. ("IMortgage") was a mortgage servicer that dissolved in 2013.  *See* docket no. 2-1.

Monica Gonzales executed a note in the amount of $116,575.00 (the "Note") from IMortgage for the purchase of the Property on March 1, 2007.  Docket no. 1-1 at ¶¶ 4, 8.  In

1

exchange for the Note, Gonzales granted Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for IMortgage, a deed of trust on the Property, which was recorded on May 10, 2007 in Bexar County Real Property Records under Document Number 20070108009 (the "Deed of Trust").  Docket no. 2-2.  The Deed of Trust was re-recorded to include a few riders on August 23, 2007 in Bexar County Real Property Records under Document Number 20070201050.  Docket no. 2-3.  MERS assigned the Mortgage to Countrywide Bank FSB on May 25, 2007, which was recorded in the Bexar County Real Property Records.  Docket no. 2-4.  That assignment to Countrywide was re-recorded "to reflect the correct Deed of Trust instrument number" under Document Number 20070201050 in the Bexar County Real Property Records on October 9, 2007.  Docket no. 2 at 8 n. 5; *see* Docket no. 2-5.  Countrywide then assigned the Deed of Trust back to MERS on February 24, 2009.  Docket no. 2-6.  Finally, MERS assigned the Deed of Trust to BANA on March 7, 2013, which was recorded in Bexar County Real Property Records under Document Number 20130047133.  Docket no. 2-7.

The Property is subject to several restrictions and covenants under the Declaration of Protective Covenants and Performance Standards (docket no. 2-8) for Wild Horse Vistas Homeowners' Association (the "HOA").  *See* docket no. 2-8.  The HOA may assess a lien on the Property for unpaid HOA assessments.  *Id*. at art. X § 1.  The HOA agreement specifically states that any HOA lien is junior to a bank's mortgage.  *Id*. at art. X § 13.

Gonzales allegedly defaulted on her HOA payments.  Docket no. 1-1 at ¶ 16.  The HOA then foreclosed its lien and sold its interest in the property to Kingman at a foreclosure sale on November 12, 2014.  *Id*. at ¶ 17.  After purchasing the Property, Kingman "attempted to contact" BANA and IMortgage "to ascertain what interest, if any, [they] asserted in the Property or related liens."  *Id*. at ¶ 18.  Kingman tried to contact BANA "in order to determine its own rights

in the Property, and to preserve such interests and rights, including the right to any equitable redemption in the event any Defendant claimed a superior lien to that of the [HOA]'s." *Id*. Kingman further alleges BANA "has not collected any payments from Gonzales or other party towards any financial obligation giving rise to its deed of trust, and therefore, as a matter of law, has waived its interests and/or rights in the Property under the doctrine of waiver, estoppel, laches, and/or other law." *Id*. at ¶ 19.

Kingman filed its state court petition on January 12, 2015 in the 407th Judicial District of Bexar County, Texas. Docket no. 1-1. In it, Kingman states claims for 1) for declaratory relief, pursuant to Chapter 37, TEX. CIV. PRAC. & REM. CODE, "declaring the rights, status, and other legal relations between the parties as it relates to the Property," and 2) quiet title to the Property. *Id*. at 21, 25.

On Feburary 9, 2015, BANA removed the case to federal court, invoking this Court's diversity jurisdiction.[1] BANA then filed this motion to dismiss on February 13, 2015. Docket no. 2. Kingman has not responded.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's

---

[1] The amount in controversy exceeds $75,000. *See* Docket No. 1 (BANA asserting that its citizenship in North Carolina, and attaching evidence showing a property value of $204,540); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). Further, the parties are completely diverse. Kingman is a Delaware limited liability corporation whose sole member is a Texas resident; thus Kingman is a Texas resident. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). BANA is a citizen of North Carolina for the purposes of this lawsuit. IMortgage was a Delaware corporation that dissolved in 2013, and therefore is not a proper party in this lawsuit. *See* Docket no. 2-1. The Complaint is dismissed as to IMortgage. IMortgage is not considered for diversity purposes. Even if it was, IMortgage's status as a Delaware corporation makes it completely diverse from BANA and Kingman, as Kingman is a Texas resident.

jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

A court may consider documents incorporated into the complaint by reference when considering a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.")

Here, BANA attached a note, deed of trust, HOA agreement and supplements, and other documents to the motion to dismiss and notice of removal. *See* docket nos. 1 and 2. They are

4

referenced in Kingman's petition. They are central to Kingman's claims. Further, BANA has attached a valuation of the property and documents from the Bexar County Real Property Records Office. The Court takes judicial notice of those documents. The Court, therefore, will consider the documents attached to the notice of removal and motion to dismiss in its analysis.

### III.   ANALYSIS

BANA argues Kingman's complaint should be dismissed because both its quiet title and declaratory relief claims lack merit, as BANA clearly has a superior lien and interest to Kingman's. The Court takes up the quiet title issue first, then the declaratory relief.

**1. Quiet Title**

"The principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Angell v. Bailey*, 225 S.W.3d 834, 838 n.6 (Tex. App.—El Paso 2007, no pet.). "Any deed, contract, judgment or other instrument not void on its face that purports to convey an interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Johnson v. Williams*, No. 01-05-00445-CV, 2006 WL 1653656, at *4 (Tex. App.—Houston [1st Dist.] June 15, 2006, pet. denied) (mem. op.)).

"The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Nonetheless, the plaintiff still "has the burden of supplying the proof necessary to

establish his superior equity and right to relief." *Hahn*, 321 S.W.3d at 531. Furthermore, the plaintiff has the burden of establishing her "superior equity and right to relief," relying on the strength of her own title, not the inferiority of the defendant's title. *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (citing *Hahn,* 321 S.W.3d at 531).

Accordingly, a plaintiff's suit to quiet title depends on its establishing that the claim asserted by the defendant (1) constitutes a hindrance having the appearance of a better right to title than its own, that (2) appears to be valid on its face, and that (3) for reasons not apparent on its face, is not valid. *Gordon*, 352 S.W.3d at 42.

BANA argues Kingman "does not and cannot plead any facts that would invalidate the Deed of Trust," while conceding that "'no release or assignment of the deed of trust has ever been filed by BANA unto any other entity.'" Docket no. 2 at 11 (quoting the Complaint a ¶ 15). BANA further argues that Kingman's interest is clearly inferior to BANA's because Kingman's deed from the foreclosure sale states it "took title 'subject to all exceptions of record and subject to each and every superior lien and encumbrance.'" *Id*. The HOA's lien was always inferior to BANA's. *See* docket no. 2-8 at art. X § 13. When Kingman purchased the HOA's interest at the foreclosure sale, it explicitly purchased an inferior lien. And, under Texas law, successful bidders at junior lienholder foreclosure sales take title subject to the prior, superior liens. *DTND Sierra Invs., LLC v. Bank of Am., N.A*., 871 F. Supp. 2d 567, 573 (W.D. Tex. 2012) ("Under Texas common law, foreclosure does not terminate interests in the foreclosed real estate that are senior to the lien being foreclosed, and the successful bidder at a junior lien foreclosure takes title subject to the prior liens.") (citing *Conversion Properties, LLC v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.--Dallas 1999, pet. denied)).

In the Complaint, Kingman indicates it believes the chain of title is clouded because the deed recordings having different identification numbers and the "assignments to Countrywide were unclear."[2]  Docket no. 1-1 at ¶ 11-12.  Specifically, Kingman states MERS "purported to re-file the same assignment to Countrywide in order to correct what was believed to be a clerical error" in the previous recording.  *Id*. at ¶ 11.  "The corrected assignment apparently did not refer to the actual deed of trust, but instead a rider to the deed of trust concerning the effects of an assignment.  It is unclear which version of the deed of trust was intended to be assigned in this re-recording, as the assignment references the volume and page number of the first-recorded version, but the document number of the second-recorded version."  *Id*.  This is incorrect.  The Bexar County Records are clear that, while there was an initial clerical error on the MERS assignment to Countrywide, the error was corrected with a new filing.  There is no confusion or cloud on BANA's title.

The Court finds that Kingman's suit to quiet title fails.  Kingman does not and cannot show BANA's lien on the Property is invalid or that it has a superior lien to BANA based on the documents properly before the Court because the Deed of Trust is valid and Kingman's interest in the Property is inferior to BANA's.  *See Gordon*, 352 S.W.3d at 42.

**2.  Declaratory Relief**

Kingman brings its requests for various forms of declaratory relief under Chapter 37, TEX. CIV. PRAC. & REM. CODE.  Declaratory relief sought under the Texas code is procedural in nature, and thus does not control in this diversity action.  *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) (holding the Texas Declaratory Judgment Act "functions solely as

---

[2] Regardless of the merits, Kingman lacks standing to challenge the assignments' validity because it was not a party to the assignments.  *See DeFranceshi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011) ("Plaintiffs do not have standing to challenge the assignments because they were not a party to those assignments."); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) ("Plaintiff has no standing to contest the various assignments as she was not a party to the assignments.").

a procedural mechanism for resolving substantive controversies" over which a court already has jurisdiction) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). Therefore, Kingman fails to state a claim upon which relief can be granted.

Even if it had brought the claim for declaratory relief under Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (FDJA), the claim would still fail. In order to state a claim for declaratory relief under the FDJA, a plaintiff must allege facts sufficient to show "a substantial and continuing controversy between" the parties. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). The FDJA "does not create substantive rights; it is merely a procedural device that enhances the remedies available to plaintiffs in federal court." *Rodriguez v. Bank of Am., N.A.*, No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *12 (W.D. Tex. Apr. 25, 2013) *aff'd*, 577 F. App'x 381 (5th Cir. 2014) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950) and *Appling Cnty. v. Mun. Elec. Auth. of Georgia*, 621 F.2d 1301, 1303 (5th Cir. 1980)). Despite its assertion that "[a live] ripe, and genuine controversy exists between the parties," (docket no. 1-1 at ¶ 20), because the quiet title action failed above, Kingman's declaratory relief claim cannot remain because it has not alleged facts to show a substantive controversy between the parties. Kingman's complaint is dismissed.

## IV.   CONCLUSION

For all of these reasons, Defendant's motion to dismiss (docket no. 2) is GRANTED. Plaintiff's petition is DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 20th day of March, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE